UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SELWYN WALKER, *pro se*,

                Petitioner,

           -against-

ATTORNEY GENERAL OF THE STATE,
OF NEW YORK,

                Respondent.
----------------------------------------------------------------x

**SUMMARY ORDER**
14-CV-00141 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

Petitioner Selwyn Walker ("Petitioner"), proceeding *pro se*[1] and currently incarcerated at the Buffalo Federal Detention Facility in Batavia, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 18, 2014, this Court ordered Petitioner to show cause why this action should not dismissed as time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. On March 4, 2014, Petitioner, through counsel, responded to the Order to Show Cause. (*See* Dkt. Entry No. 4.) The Attorney General for the State of New York ("Respondent") thereafter submitted a response supporting the dismissal of this action as time barred. (*See* Dkt. Entry No. 8.) On March 5, 2015, without leave from this Court, Petitioner filed a "supplemental" response to the Order to Show Cause, presenting additional arguments and purporting to assert a claim of actual innocence. (*See* Dkt. Entry No. 13.) By separate motions received July 24, 2015, Petitioner seeks: (1) permission to refile his supplemental response to the Order to Show Cause with an amended return date, which Petitioner believes will compel a response from Respondent; and (2)

---

[1] Petitioner initially was represented by retained counsel in this matter, but during the course of proceedings began making submissions on his own directly to the Court. By letter dated September 16, 2015, Petitioner informed the Court that he no longer is represented by counsel, and that he intends to proceed *pro se* until he can retain another attorney. (*See* Dkt. Entry No. 19.)

a "stay" of his March 2006 conviction while his § 2254 petition is under review by this Court. (*See* Dkt. Entry Nos. 17 and 18.) Finally, on October 22, 2015, Petitioner filed a motion, styled as a motion for summary judgment, requesting that this Court either grant the petition, or, in the alternative, stay his conviction pending a hearing in this matter. (*See* Dkt. Entry No. 20.)

First, in deciding whether the petition is timely, the Court will consider the arguments in the supplemental response to the Order to Show Cause that Petitioner filed on March 5, 2015. As such, refiling that submission is unnecessary. Therefore, Petitioner's motion for leave to refile is denied, and the amended version of the supplemental response Petitioner attached to that motion is hereby stricken. Respondent is directed to respond to Petitioner's supplemental response to the Order to Show Cause on or before NOVEMBER 23, 2015. No further response from Petitioner is required. At that point, the Order to Show Cause will be fully briefed, and a decision will issue in due course.

Second, the facts and claims alleged in the § 2254 petition do not demonstrate the exceptional circumstances in which a federal court is permitted to stay or suspend a state criminal judgment. *See, e.g., Rado v. Meachum*, 699 F. Supp. 25, 26-27 (D. Conn. 1988) (enumerating the factors to be considered by the court.) This case is not so "distinguishable from other habeas corpus cases" as to warrant the extraordinary relief Petitioner seeks. *Id.* at 27. Thus, in accordance with principles of state-federal comity, Petitioner's motion for a stay of his conviction is denied.

Third, and finally, Petitioner's motion for summary judgment is premature and procedurally improper in light of the pending decision on the Order to Show Cause. The motion also was not filed in compliance with this Court's Individual Rules and Practices. Accordingly, Petitioner's motion for summary judgment is stricken.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 4, 2015

                                                   /s/
                                      DORA L. IRIZARRY
                                  United States District Judge