UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SELWYN WALKER,                       :

                   Petitioner,      :              **SUMMARY ORDER**

       -against-               :              **14-CV-00141 (DLI)**

ATTORNEY GENERAL OF THE STATE  :
OF NEW YORK,                                 :
                   Respondent.     :
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On December 30, 2017, Selwyn Walker ("Petitioner") moved for reconsideration of the Court's September 30, 2017 Memorandum and Order ("September 30 Order"), Dkt. Entry No. 41, and Judgment, Dkt. Entry No. 42, denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Mem. of Law In Support of Pet.'s Mot. for Recons. ("Recons. Mot."), Dkt. Entry No. 46.

## BACKGROUND

The Court assumes familiarity with the factual and procedural history of this action, as set forth in the Court's September 30 Order. *See Walker v. Attorney General of New York*, 2017 WL 4402437 (E.D.N.Y. Sept. 30, 2017).

Petitioner petitioned this Court on January 8, 2014 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, Queens County for one count of first degree criminal sexual act and one count of second degree unlawful imprisonment. *See* Pet. for Habeas Corpus, Dkt. Entry No. 1. Petitioner responded to this Court's February 18, 2014 order to show cause why the Court should not dismiss the petition as untimely. *See* Pet.'s Resp. to Order to Show Cause, Dkt. Entry No. 4. Petitioner also filed a *pro se*

"supplemental response" to the Court's order to show cause advancing an actual innocence claim. *See* Pet.'s Supp. Resp., Dkt. Entry No. 13. Finally, with permission from the Court, Petitioner's counsel filed a memorandum addressing Petitioner's actual innocence claim. *See* Pet.'s Mem. of Law in Supp. of Actual Innocence Claim, Dkt. Entry No. 36. For the purposes of this Order, and because the Court considered all of Petitioner's filings in its determination of the petition for writ of habeas corpus, the Court refers to all of Petitioner's aforementioned filings as the "Petition."

On October 27, 2017, Petitioner's attorney filed a motion for leave to appear *pro hac vice*. *See* Dkt. Entry No. 43. On October 30, 2017, Petitioner, through his attorney, filed a motion for an extension of time to file a motion pursuant to Federal Rules of Civil Procedure 59(e) or 60(e). *See* Dkt. Entry No. 44. That same day, the Court denied Petitioner's attorney leave to file his *pro hac vice* motion for counsel's failure to comply with Local Rule 1.3, and granted Petitioner's motion for an extension of time to file his motion contingent upon his counsel's *pro hac vice* admission. Petitioner's counsel again moved for leave to appear *pro hac vice* on November 14, 2017. *See* Dkt. Entry No. 45. The Court granted that motion on November 15, 2017. Petitioner filed the instant Reconsideration Motion on December 30, 2017, sixty days after the Court entered its Judgment denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposed the Reconsideration Motion on January 26, 2018. *See* Mem. of Law in Opp. to Pet.'s Mot. for Recons., Dkt. Entry No. 49. Petitioner replied on February 16, 2018. *See* Reply to Mot. for Recons. (Pet.'s Reply"), Dkt. Entry No. 52.

## **DISCUSSION**

Petitioner brings his Reconsideration Motion pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 59(e), which permits a party to move "to alter or amend a judgment." Rule 59(e) further provides that such a motion "must be filed no later than 28 days after the entry of

judgment." This District's Local Civil Rule 6.3 provides that, unless otherwise provided by the Court or by statute or rule, a notice of motion for reconsideration must be served within fourteen days after the entry of a judgment.

Because Petitioner filed his Rule 59(e) motion more than twenty-eight days after the Court entered its Judgment, the motion is untimely. Although the Court granted Petitioner an extension of time to file a motion for reconsideration, the Court is without power to extend the time to file a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 59(b), (d), and (e), and 60(b)."); *Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 401 (2d Cir. 2000) (stating that the time limitation under Rule 59(e) is "uncompromisable" due to Rule 6(b)). Petitioner argues that his attorney's October 27, 2017 motion for leave to appear *pro hac vice* was intended to "serve as Notice of the Motion" for reconsideration. *See* Pet.'s Reply at 2. Petitioner's argument is unavailing for two reasons. First, the October 27, 2017 motion for leave to appear *pro hac vice* provides no information regarding a potential motion for reconsideration. *See* Dkt. Entry No. 43. Second, even if the Court construed the *pro hac* vice motion as a notice of motion, that notice would be untimely because Local Civil Rule 6.3 requires that a party serve a notice of motion fourteen days after the entry of judgment. Petitioner's attorney filed the first *pro hac vice* motion more than fourteen days after the Court entered its judgement.

"An untimely motion for reconsideration is treated as a Rule 60(b) motion." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991)). Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner argues he is entitled to reconsideration because "of the need to correct a clear error of law or prevent manifest injustice," because of "controlling decisions or data that the court over looked." *See* Recons. Mot. at 5 (quotations and citations omitted). Accordingly, the Court construes Petitioner's motion as a request for reconsideration for "any other reason that justifies relief" pursuant to Rule 60(b)(6).

"A party seeking relief under Rule 60(b)(6) 'for any other reason' is required to show 'extraordinary circumstances' justifying the reopening of a final judgment and '[s]uch circumstances rarely occur in the habeas context.'" *Williams v. Bradt*, 2018 WL 1582213, at *2 (E.D.N.Y. Mar. 30, 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *United States v. Jones*, 449 Fed. App'x. 77, 78 (2d Cir. 2011) (summary order) (alteration in original) (quoting *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004)). A petitioner can only raise arguments that "attack[] the federal court's previous resolution of a claim on the merits" in a successive habeas petition, not in a reconsideration motion. *Gonzalez*, 545 U.S. at 532.

In his Reconsideration Motion, Petitioner argues that the Court failed to consider trial evidence discussed in the Petition. Specifically, Petitioner contends that the Court failed to

4

consider telephone records that Petitioner alleges contradicts information provided by a trial witness. *See* Recons. Mot. at 6-11. Petitioner also maintains that another trial witness' plea minutes contradicted his statements during trial. *Id.* at 13-14. Finally, Petitioner argues that the state failed to pursue physical evidence that questioned the credibility of trial witnesses. *Id.* at 14-15. Petitioner attacks this Court's resolution of his habeas petitioner on the merits. As such a motion for reconsideration is not the proper vehicle to do so and the motion must be denied.

Notably, Petitioner could have appealed from this Court's denial of his habeas petition to the Second Circuit Court of Appeals, but failed to do so. The time to file an appeal from the Judgment has passed. To the extent that Petitioner seeks to file a second successive habeas petition, this Court does not have jurisdiction to adjudicate successive habeas petitions without permission of the Second Circuit Court of Appeals. See *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(d)(1)(C).

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Summary Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge